UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 DANGELO TERRELL STEPHENS,
D-2 LATASHA MARIA NEELY,
D-3 HASSAN SAMIR SAAD, and
D-4 ALI HUSSEIN KEBLAWI,

    Defendants.
_____/

Case:2:21-cr-20495
Judge: Tarnow, Arthur J.
MJ: Grand, David R.
Filed: 07-28-2021 At 04:50 PM
INDI USA V. SEALED MATTER (DA)

Violations: 21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
18 U.S.C. § 2

## INDICTMENT

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

1. Beginning in or about June 2020, and continuing up to and including July 2021, in the Eastern District of Michigan, the named defendants and others, both known and unknown to the grand jury, engaged in a scheme and pattern of illegal conduct involving the unlawful distribution of prescription drug controlled substances. Each defendant played various roles during the conspiracy. The purpose of the scheme was for DANGELO TERRELL STEPHENS and LATASHA MARIA NEELY to work as patient recruiters/marketers, who would bring "patients" or patient information to area doctors who would write controlled substance prescriptions, in exchange for cash payments. An additional purpose of the scheme

1

was for cooperating pharmacies and their employees, including HASSAN SAMIR SAAD, a licensed pharmacy technician who worked at and owned Heritage Medical Pharmacy, LLC, and ALI HUSSEIN KEBLAWI, an employee at Heritage Medical Pharmacy, LLC, to dispense the prescribed controlled substances to STEPHENS, NEELY, and others, and not to the patient to which they were prescribed. Once filled, the prescription pills were sold at a substantial profit on the illegal street market in the Metropolitan Detroit area and elsewhere.

At all times relevant to the Indictment:

2.	DANGELO TERRELL STEPHENS is a Detroit resident who works as a patient recruiter/marketer.

3.	LATASHA MARIA NEELY is a Detroit resident who works with STEPHENS as a patient recruiter/marketer.

4.	In these roles, STEPHENS and NEELY bring "patients" or patient information to area medical clinics and doctors who then write controlled substance prescriptions in the "patient's" name, in exchange for cash payments, that can be filled at pharmacies and sold on the street.

5.	STEPHENS and NEELY bring "patients" or patient information to clinics and doctors both named and unnamed, including Tranquility Wellness Center, LLC ("TWC"), which was operated by indicted co-conspirators Janeice

Minique Burrell and Angelo Martese Smith, and where indicted co-conspirator Dr. Lawrence Mark Sherman worked as a physician.

6. Doctors, including Dr. Sherman, would write multiple prescriptions, without medical necessity and outside the scope of professional medical practice, to the "patients" recruited by STEPHENS, NEELY, and others, which STEPHENS, NEELY, and others filled at cooperating pharmacies. The fundamental purpose of both writing and filling the prescriptions is not the legitimate treatment of patients, but rather, to obtain controlled substances that could be sold on the illegal street market for a substantial profit.

7. One pharmacy STEPHENS uses is Heritage Medical Pharmacy, LLC, which is located at 14661 Telegraph Road, Redford, Michigan.

8. HASSAN SAMIR SAAD, a resident of Dearborn, Michigan, is the owner of Heritage Medical Pharmacy, LLC, which he organized in Michigan in January 2018, and which is where he works as a licensed pharmacy technician (license # 5303035518).

9. ALI HUSSEIN KEBLAWI, a resident of Dearborn, Michigan, is an employee of Heritage Medical Pharmacy, LLC, and has an expired temporary pharmacy technician license (license # 5303022865TMP19).

10. Before dispensing the illegitimate controlled substance prescriptions in other "patient" names to STEPHENS, defendants HASSAN SAMIR SAAD and ALI

HUSSEIN KEBLAWI failed to exercise their corresponding professional responsibility to determine that the prescriptions were issued for a legitimate medical purpose by an individual practitioner acting in the usual course of professional practice.

11. In furtherance of the conspiracy, defendants HASSAN SAMIR SAAD and ALI HUSSEIN KEBLAWI knew that the prescriptions they facilitated dispensing through Heritage Medical Pharmacy, LLC on behalf of STEPHENS were illegitimate.

12. In furtherance of the conspiracy, defendants HASSAN SAMIR SAAD and ALI HUSSEIN KEBLAWI filled certain prescriptions for certain "patients" at certain times, irrespective of the medical necessity of the prescription, in an effort to avoid detection of the drug diversion scheme.

13. Once STEPHENS and NEELY obtained the prescription drug controlled substances from a pharmacy, including Heritage, STEPHENS and NEELY sold the drugs on the illegal street market.

14. The primary prescription drug controlled substances illegally prescribed, filled at pharmacies, and distributed included Schedule II controlled substances Oxycodone, Oxymorphone, and Oxycodone-Acetaminophen (Percocet). These drugs were in high demand on the illegal street market, particularly Oxycodone 30mg and Oxymorphone 40mg.

15. During the conspiracy, STEPHENS and NEELY unlawfully distributed a combined total of more than 28,000 dosage units of Schedule II controlled substances, carrying a conservative estimated wholesale street value of more than $775,000.

16. During the conspiracy, SAAD and KEBLAWI unlawfully dispensed a combined total of more than 5,500 dosage units of Schedule II controlled substances, carrying a conservative estimated wholesale street value of more than $150,000.

17. Most of the unlawful controlled substance prescriptions were paid for in cash. However, in addition, both controlled and non-controlled "maintenance" medications were billed to health care benefit programs by pharmacies. These "maintenance" medications were used to make the doctors' prescribing practices appear more legitimate, by reducing his percentage of controlled substance prescriptions. The adding of "maintenance" medications also increased the profits made by the pharmacies. Billings to the Medicare and Medicaid programs for medically unnecessary prescription drug medications and maintenance medications during this conspiracy exceeded $200,000.

## COUNT ONE

(21 U.S.C. §§ 841(a)(1), 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)

D-1 DANGELO TERRELL STEPHENS
D-2 LATASHA MARIE NEELY
D-3 HASSAN SAMIR SAAD
D-4 ALI HUSSEIN KEBLAWI

18. Beginning in or about June 2020, and continuing until in or about July 2021, in the Eastern District of Michigan, Southern Division, the defendants, DANGELO TERRELL STEPHENS, LATASHA MARIA NEELY, HASSAN SAMIR SAAD, ALI HUSSEIN KEBLAWI, and others, both known and unknown to members of the grand jury, did knowingly, intentionally and unlawfully conspire and agree with each other and others persons not named in this indictment, to possess with intent to distribute and to distribute controlled substances, including but not limited to the Schedule II drug Oxycodone and the Schedule II drug Oxymorphone. These prescription drug controlled substances were distributed outside the scope of usual professional medical practice and for no legitimate medical purpose, all in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

## COUNTS TWO-FOUR

(21 U.S.C. § 841(a)(1) – Unlawful Distribution of Controlled Substances)

D-1 DANGELO STEPHENS

19. On or about each of the dates set forth below, in the Eastern District of Michigan, Southern Division, defendant DANGELO STEPHENS, did knowingly, intentionally, and unlawfully distribute, the identified Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1):

| COUNT | DATE | CONTROLLED SUBSTANCE | DOSAGE UNITS |
|---|---|---|---|
| 2 | 12/03/2020 | Oxycodone HCl 30 mg | 304 |
| 3 | 12/12/2020 | Oxycodone HCl 30 mg | 290 |
| 4 | 12/17/2020 | Oxycodone HCl 30 mg | 408 |

6

## COUNT FIVE

(21 U.S.C. § 841(a)(1) – Unlawful Distribution of Controlled Substances;
18 U.S.C. § 2 – Aiding and Abetting)

D-1 DANGELO TERRELL STEPHENS
D-3 HASSAN SAMIR SAAD
D-4 ALI HUSSEIN KEBLAWI

20. On or about the date set forth below, in the Eastern District of Michigan, Southern Division, defendants HASSAN SAMIR SAAD and ALI HUSSEIN KEBLAWI, did knowingly, intentionally, and unlawfully distribute, and aid and abet DANGELO TERRELL STEPHENS in distributing, the identified prescription drug controlled substances by dispensing prescriptions outside the scope of usual professional medical practice and for no legitimate medical purpose, in the names of individual as follows:

| COUNT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNITS |
|---|---|---|---|---|
| 5 | 5/24/2021 | J.S. | Oxycodone HCl 30 mg | 90 |

All in violation of Title 21, United States Code, § 841(a)(1) and 18 U.S.C. § 2.

## FORFEITURE ALLEGATIONS

(21 U.S.C. § 853 – Criminal Forfeiture)

21. The allegations set forth above in this Indictment are hereby incorporated by reference as if they were set forth in full herein for the purpose of alleging forfeiture against each defendant pursuant to Title 21, United States Code, Section 853.

22. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of the controlled substance offense in violation of Title 21, as alleged in Counts One through Five of this Indictment, the convicted defendant(s) shall forfeit to the United States: (a) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation; and (b) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation. As part of the forfeiture in this case, the government intends to seek a forfeiture money judgment against one or more of the charged defendants.

23. Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. 853(p) to seek to forfeit any property of the defendant up to the value of the forfeitable property described above

THIS IS A TRUE BILL

s/GRAND JURY FOREPERSON
GRAND JURY FOREPERSON

SAIMA S. MOHSIN
Acting United States Attorney

REGINA R. MCCULLOUGH
Chief, Health Care Fraud Unit
Assistant United States Attorney


s/ANDREW J. LIEVENSE
ANDREW J. LIEVENSE
ALISON FURTAW
Assistant United States Attorneys


Dated: July 28, 2021

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover | Case:2:21-cr-20495<br>Judge: Tarnow, Arthur J.<br>MJ: Grand, David R.<br>Filed: 07-28-2021 At 04:50 PM<br>INDI USA V. SEALED MATTER (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete ___

## Companion Case Information

| | Companion Case Number: 21-20393 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)¹: | Judge Assigned: Judith Levy |
| ☒ Yes       ☐ No | AUSA's Initials: _(signature)_ |

**Case Title:** USA v. Dangelo Terrell Stephens, et al.

**County where offense occurred :** Wayne and Macomb

**Check One:**       ☒ Felony       ☐ Misdemeanor       ☐ Petty

   ✓ Indictment/___Information --- **no** prior complaint.
   ___Indictment/___Information --- based upon prior complaint [Case number:                    ]
   ___Indictment/___Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____       **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

July 28, 2021
Date

Andrew J. Lievense
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9665
Fax:    313-226-2621
E-Mail address: andrew.lievense@usdoj.gov
Attorney Bar #: P68925

---

¹ Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.